UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| BAYER CROPSCIENCE LP and MONSANTO TECHNOLOGY LLC, | Case No. 4:23-CV-00083-JAR |
| Plaintiffs, | |
| v. | Consolidated Case Nos. 4:23-CV-00084-SEP 4:23-CV-00085-SRC 4:23-CV-00086-JAR 4:23-CV-00087-SRC |
| BRIAN G. IRIONS d/b/a BRIAN IRIONS FARMS and/or IRIONS FARMS, | |
| Defendant. | |

**PLAINTIFFS' MOTION TO AMEND THE JUDGMENT TO INCLUDE A FINDING OF WILLFUL INFRINGEMENT AND FOR AN ORDER PROVIDING FOR ENTITLEMENT TO ATTORNEY FEES, AND MEMORANDUM IN SUPPORT**

Pursuant to Federal Rule of Civil Procedure 59(e), Plaintiffs Bayer CropScience LP and Monsanto Technology LLC ("Bayer") respectfully move this Court to alter or amend its Judgment (Doc. 45) entered on December 19, 2024 to include a finding of willful infringement, as set forth in the Proposed Amended Judgment attached hereto as Exhibit A. Additionally, under the parties "Technology Stewardship Agreement," Federal Rule of Civil Procedure 54(d)(2), Local Rule 54-8.02, 35 U.S.C. § 285, and this Court's December 19, 2024 Judgment (Doc. 45), Bayer moves for an order providing for its entitlement to its reasonable attorney fees incurred in prosecuting this matter against Defendant Brian G. Irions ("Irions") in an amount to be submitted after the Court's entry of an amended judgment.

I.      **Background**

Bayer licenses its seed technology to individual growers pursuant to a standard Technology Stewardship Agreement ("TSA"), which permits growers to use the patented seeds for a single

planting of a commercial crop.[1] Growers must obtain seeds from an authorized dealer each planting season and are prohibited from saving seeds from harvested crops for replanting in a subsequent season. Growers must use EPA-approved dicamba herbicides and are prohibited from applying unapproved formulations. Defendant Irions entered into a TSA in 2010, and Bayer sent him annual updates of the TSA. Irions admits that he entered into a TSA granting him a limited use license to purchase and plant seed containing Bayer's patented technologies and a limited use license to apply EPA-approved dicamba herbicides on emerged crops. He received updated copies of the TSA and Technology Use Guide ("TUG") at his address. He understood that the license prohibited the saving or selling of seed for replanting, as each new generation of seed would contain Bayer's technology.

Since 2018, Irions has exclusively planted soybeans containing Bayer's Roundup Ready 2 Xtend technology. Bayer's Roundup Ready 2 Xtend® soybean seed technology is covered by Bayer's U.S. Patent Nos. 9,944,945 ("the '945 Patent") and 7,838,729 ("the '729 Patent"). Throughout this litigation, Irions has neither challenged the validity of Bayer's patents nor contested the fact that the Roundup Ready 2 Xtend® soybean seeds that he used between 2018 and 2023 were covered by these patents.

Despite being aware of the obligations set forth in his signed TSA as well as the fact that his Roundup Ready 2 Xtend® soybean seeds contained technologies covered by Bayer's patents, Irions saved, cleaned, treated, and replanted seeds containing Bayer's technology in 2020, 2021, and 2022. Additionally, pursuant to the TSA, Irions agreed to use labeled, EPA-approved pesticides on crops containing Bayer's technology. However, in 2020, 2021, and 2022, Irions

---

[1] The Court is familiar with the factual background of this case and refers the Court to its Motion for Summary Judgment (Doc. 30) for a more complete recitation of the operative facts. All facts herein are findings in the Court's Memorandum and Order (Doc. 44).

knowingly applied an unlabeled and unapproved pesticide formulation over the top of his crops, and improperly sprayed dicamba in 2022 after the May 30th deadline set by Missouri and the EPA. Indeed, this Court has already ordered that Irions is liable for infringing Bayer's '945 and '729 patents and for breaching the parties' Technology Stewardship Agreements for 2020, 2021, and 2022. (Docs. 44, 45).

On or around February 4, 2010, Irions signed and entered into a Technology Services Agreement ("TSA") with Bayer. (Doc. 32 at ¶ 5). That TSA contained the following provision: "[i]nformation regarding new and existing [Bayer] Technologies, including any additions or deletions to the US patents licensed under this agreement, and any new terms will be mailed to you each year. Continuing use of [Bayer] Technologies after receipt of any new terms constitutes Grower's agreement to be bound by the new terms." *Id*. at ¶ 10(a). In keeping with that provision, Bayer mailed TSAs to Irions's address throughout the period of his infringement (2020-2022). Those TSAs, as well as the initial TSA signed by Irions, contained the following provision concerning attorney fees and costs: "If Grower is found by any court to have infringed one or more of the U.S. patents or PVPs covering Monsanto Technologies or otherwise to have breached this Agreement, Grower agrees to pay Monsanto and the licensed Monsanto Technology provider(s) … their attorneys' fees and costs related to the case plus any other expenses incurred in the investigation of the breach and/or infringement." *Id*. at ¶ 11(h).

In addition, as noted in § 4(B) of Bayer's uncontested Memorandum in Support of Summary Judgment (Doc. 31), Irions's infringement of Bayer's patents was willful, intentional and deliberate. In his deposition, Irions readily admitted that he was not authorized to save and plant Xtend® soybeans and that the technology in these seeds was covered by Bayer's patents.

(Doc. 32 at ¶ 74).  Thus, Irions's infringement was willful infringement under 35 U.S.C. §§ 271(a) and 284.

After discovery, Bayer filed its Motion for Summary Judgment. (Doc. 30). Irions did not oppose Bayer's Motion; rather, he filed a one-page response (Doc. 39) simply referring to Bayer's statement of uncontroverted material facts and admitting all material facts (Doc. 40). Thus, because Irions admitted all material facts underlying the claims in Bayer's Motion, this Court entered a Memorandum and Order (Doc. 44, "Order"), granting Bayer's Motion for Summary Judgment (Doc. 30, "Motion") and finding that Defendant Irions infringed U.S. Patent Nos. 9,944,945 and 7,838,729. In accordance with the Order, this Court subsequently entered a Judgment (Doc. 45 "Judgment") decreeing the same. While Plaintiff's Motion explicitly sought a finding of willful infringement, and the Court's Order granted that Motion and contains factual findings supporting willfulness, the Order and Judgment do not expressly state that the infringement was willful. The Court, therefore, should amend the Judgment to include a finding of willfulness and award reasonable attorney fees.

## II.    BAYER'S MOTION TO AMEND OR ALTER THE JUDGMENT

District courts have "broad discretion in determining whether to alter or amend judgment" under Federal Rule of Civil Procedure 59(e). *Cont'l Indem. Co. v. IPFS of New York, LLC*, 7 F.4th 713, 717 (8th Cir. 2021) (internal citations omitted). The Court should do so here, and amend its Judgment to include an express finding of willful infringement. First, the Court's Order contains all necessary factual predicates for willful infringement. The Order states that Irions "understood that [his] license prohibited the saving of seed for replanting, as each new generation of seed would contain Bayer's technology. Nevertheless, Irions saved and replanted seeds containing Bayer's technology in 2020, 2021, and 2022." (Doc. 44 at 4). The Order

additionally states: "Irions agreed to use labeled, EPA-approved pesticides on crops containing Bayer's technology. However, in 2020, 2021, and 2022, Irions knowingly applied an unlabeled and unapproved pesticide formulation over the top of his crops." *Id.* The Order further explains that "Irions was aware of the June 30 cut-off date for the application of dicamba herbicide over the top of his crops, but in 2022 he knowingly applied it after that date." *Id.*

These findings conclusively establish willfulness under controlling precedent. The Federal Circuit has instructed that "[t]he tort of willful infringement arises upon deliberate disregard for the property rights of the patentee." *Vulcan Eng'r Co., Inc. v. Fasta Aluminium, Inc.*, 278 F.3d 1366, 1378 (Fed. Cir. 2002). "Whether an act is 'willful' is by definition a question of the actor's intent, the answer to which must be inferred from all the circumstances." *Gustafson, Inc. v. Intersystems Indus. Prods., Inc.*, 897 F.2d 508, 510-11 (Fed. Cir. 1990). Willfulness is found where "the infringer acted in disregard of the patent, that is, that the infringer had no reasonable basis for believing it had a right to do the acts." *Stickle v. Heublein, Inc.*, 716 F.2d 1550, 1565 (Fed. Cir. 1983).

Here, there is no dispute that Defendant Irions intentionally committed infringement in disregard of Bayer's patent rights. Indeed, Irions did not dispute that he understood he was prohibited "from saving his Roundup Ready 2 Xtend® seed from prior harvests to plant a subsequent crop." (Doc. 32 ¶ 9). Similarly, Irions did not deny that by "saving and subsequently planting his Roundup Ready 2 Xtend® soybeans, … he was violating Bayer's patents and denying Bayer their rightful royalty." *Id.* at ¶ 74. Further, Irions did not deny that "[w]hen [he] made the choice to plant saved Roundup Ready 2 Xtend® soybean seeds during the crop years of 2020, 2021, and 2022, it was a financial decision." *Id.* at ¶ 75. Defendant Irions admittedly

committed willful patent infringement. The Court, therefore, should grant this Motion and amend the Judgment.

Second, Bayer explicitly requested summary judgment of willful infringement, and the Court's findings discussed above were made in direct response to that request. (Doc. 30 at 1) ("Bayer … request[s] entry of summary judgment … on … Defendant's liability for willful patent infringement"); *id.* at 2 ("The Defendant willfully infringed the '945 and '729 Patents"). But while the Court's Order found facts supporting a finding of willful conduct (Doc. 44 at 4), there is no express finding of "willful infringement" in the Judgment. Accordingly, the Court should grant this Motion to amend the Judgment.

## III.    BAYER'S MOTION FOR ATTORNEY FEES

### A.    Bayer is Entitled To Recover Reasonable Attorney Fees From Defendant For Work Incurred in Enforcing the Parties' TSA.

According to the American Rule, "litigants pay their own attorney fees, 'win or lose, unless a statute or contract provides otherwise.'" *M.B. by Eggemeyer v. Tidball*, 18 F.4th 565, 567-68 (8th Cir. 2021). For instance, "[i]f a contract provides for the payment of attorneys' fees and expenses incurred in the enforcement of a contract provision, the trial court must comply with the terms of the contract and award them to the prevailing party." *DocMagic, Inc. v. Mortgage Partnership of America, L.L.C.*, 729 F.3d 808, 812 (8th Cir. 2013) (internal citation and quotation omitted). "Under Missouri law, [the trial court] must enforce a contract as written and according to the plain meaning of the words in the contract when the contract is clear and unambiguous." *Id.* (internal citation and quotation omitted).

Parties to a contract with an attorney fee provision obtain the right to attorney fees upon becoming the "prevailing party." *Brooke Drywall of Columbia, Inc. v. Bldg. Const. Enters., Inc.*, 361 S.W.3d 22, 27 (Mo. App. W.D. 2011). "If a contract provides for the payment of attorney's

fees and expenses incurred in the enforcement of a contract provision, the trial court must award them to the prevailing party." *Schnucks Carrollton Corp. v. Bridgeton Health & Fitness, Inc.*, 884 S.W.2d 733, 739 (Mo. App. E.D. 1994). "The decision to award attorney's fees is not a matter of discretion in this situation." *Sheppard v. East*, 192 S.W.3d 518, 523 (Mo. App. E.D. 2006).

Here, the parties' TSAs contained an attorney fees provision. That provision entitled Bayer to their attorney fees and costs related to the case plus any other expenses incurred in the investigation of the TSA breach and/or patent infringement, if the grower (here, Irions) is found by any court to have infringed one or more of the U.S. patents covering Bayer's technologies or otherwise to have breached the parties' TSA. (Doc. 32 at ¶ 11(h)). This Court entered summary judgment for Bayer finding that Irions infringed Bayer's '945 and '729 patents and breached the 2020-2022 TSAs. (Doc. 44 at 7-8; Doc. 45). Thus, Bayer is unambiguously the "prevailing party" and is therefore entitled to recover reasonable attorney fees from Irions.

**B.    Bayer is Also Entitled to Recover Reasonable Attorney Fees as This Case is Exceptional Under 35 U.S.C. § 285.**

Under 35 U.S.C. § 285, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. The inquiry involves a two-step analysis: the district court must first determine whether the case is exceptional and, if it is, then it is within the court's discretion to award attorney fees to the prevailing party. *Luv n' Care, Ltd. v. Laurain*, 98 F.4th 1081, 1105 (Fed. Cir. 2024). District courts apply Federal Circuit law in evaluating prevailing party status and exceptionality. *See, e.g., Luv n' Care*, 98 F.4th at 1105; *Alifax Holding SpA v. Alcor Sci. LLC*, No. 2022-1641, 2024 WL 2932910, at *4 (Fed. Cir. June 11, 2024).

An "exceptional" case is "simply one that stands out from others with respect to the substantive strength of a party's litigating position (considering both the governing law and the facts of the case) or the unreasonable manner in which the case was litigated." *Octane Fitness,*

*LLC v. ICON Health & Fitness, Inc.*, 572 U.S. 545, 554 (2014). "District courts may determine whether a case is 'exceptional' in the case-by-case exercise of their discretion, considering the totality of the circumstances." *Id.* Although there is "no precise rule or formula" for making such determinations, the Supreme Court has indicated that "district courts could consider a 'nonexclusive' list of 'factors,' including 'frivolousness, motivation, objective unreasonableness (both in the factual and legal components of the case) and the need in particular circumstances to advance considerations of compensation and deterrence.'" *Id.* at 554, n.6. A party need only prove that it is entitled to fees by a preponderance of the evidence. *Id.* at 557-58.

### 1. Irions's Willful Infringement Makes this Case Exceptional

A case may be deemed exceptional under 35 U.S.C. § 285 where there has been willful infringement. *See, e.g., Therasense, Inc. v. Becton, Dickinson & Co.*, 745 F.3d 513, 516 (Fed. Cir. 2014) ("Willfulness and litigation misconduct are among the reasons that a court may find a case to be exceptional."); *MarcTec, LLC v. Johnson & Johnson*, 664 F.3d 907, 916 (Fed. Cir. 2012). Here, Irions knowingly and willfully infringed Bayer's patents and the parties' TSAs. Indeed, as this Court has already recognized, and described above, Irions admitted that he knew he was not authorized to save and plant Xtend® soybeans and that the technology in these seeds was covered by Bayer's patents. (Doc. 45 at 4; Doc. 32 at ¶¶ 9, 74 ).

### 2. Bayer is the Prevailing Party

"For purposes of awarding attorney fees under § 285, 'there can be only one winner.'" *Luv n' Care*, 98 F.4th at 1105 (quoting *Shum v. Intel Corp.*, 629 F.3d 1360, 1367 (Fed. Cir. 2010)). In identifying a prevailing party, the District Court must consider "whether the district court's decision 'effects or rebuffs a plaintiff's attempt to effect a 'material alteration in the legal relationship between the parties.'" *B.E. Tech., L.L.C. v. Facebook, Inc.*, 940 F.3d 675, 679 (Fed. Cir. 2019) (quoting *Raniere v. Microsoft Corp.*, 887 F.3d 1298, 1306 (Fed. Cir. 2018)).

Courts have held that a judgment for any amount of damages makes the party receiving the damages the prevailing party.[2] The Supreme Court held in *Farrar v. Hobby*, 506 U.S. 103, 112 (1992) that a plaintiff who wins mere nominal damages is a prevailing party. Because Bayer received a judgment of $2,262,535 in liquidated damages, Bayer clearly met the standard of receiving at least some relief from which they were directly benefited. (Doc. 45) Thus, Bayer is the prevailing party in this case and therefore may be entitled to attorney fees under 35 U.S.C. § 285.

**C.    If this Motion is Granted, Bayer Should be Ordered to Submit Its Reasonable Attorney Fees.**

If this Motion is granted, Bayer requests that it be allowed to submit evidence of its reasonable attorney fees following the Court's order. Bayer discussed this procedural mechanism with Defendant's counsel and Defendant is in agreement with this procedure. To the extent reasonable attorney fees are ordered, the parties believe that they may be able to reach agreement as to the specific amount. The parties, therefore, believe it will be a better use of this Court's resources to defer submission of the specific amount. That way, the Court will not be required to sift through billing details unless such an undertaking becomes necessary. Accordingly, Bayer requests that it be ordered to submit its reasonable attorney fees upon grant of the present Motion (to the extent agreement is not reached by the parties).

**IV.    CONCLUSION**

For the foregoing reasons, Bayer respectfully requests that the Court (1) amend its Judgment of December 19, 2024 to expressly state that Defendant Irions's infringement was willful, as set forth in the Proposed Amended Judgment, attached hereto as Exhibit A, (2) enter an

---

[2] *See, e.g.*, *Rogers Grp., Inc. v. City of Fayetteville, Ark.*, 683 F.3d 903, 910 (8th Cir. 2012); *Tyler v. Corner Const. Corp., Inc.*, 167 F.3d 1202, 1204 (8th Cir. 1999); *Precision Pine & Timber, Inc. v. United States*, 83 Fed. Cl. 544, 549 (2008), *dismissed,* 331 F. App'x 725 (Fed. Cir. 2009).

order providing for Bayer's entitlement to its reasonable attorney fees in an amount to be later

submitted, and (3) award any other relief the Court deems just and proper.

Respectfully submitted,

**THOMPSON COBURN LLP**

By */s/ Daniel C. Cox*
Daniel C. Cox, Missouri USDC, Eastern District
- 38902MO
Jeffrey A. Masson, Missouri USDC, Eastern
District – 60244MO
Matthew S. Bober, Missouri USDC, Eastern
District – 59825MO
Anthony F. Blum, Missouri USDC, Eastern
District – 60993MO
One US Bank Plaza
St. Louis, MO  63101
P: 314 552 6000
F: 314 552 7000
dcox@thompsoncoburn.com

*Attorneys for Plaintiffs Bayer CropScience LP
and Monsanto Technology LLC*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 27, 2025, the foregoing was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system to all counsel of record.

<i>/s/ Daniel C. Cox</i>_____